UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
FYC APPAREL GROUP, LLC,                    Civil Action No.  07 CV 3876 (WAP)

                 Plaintiff,

                                                  COMPLAINT

   -against-

VICTORIA'S SECRET DIRECT and
LP APPAREL, INC.,

                 Defendants.
---------------------------------------------------------x

     Plaintiff FYC Apparel Group, LLC ("FYC"), through its attorneys, Silverberg Stonehill Goldsmith & Haber, P.C., as and for its Complaint, complains of defendants Victoria's Secret Direct ("Victoria's Secret'") and LP Apparel, Inc. ("LP") as follows:

## JURISDICTION AND PARTIES

     1.   This is an action for copyright infringement, which arises under the Copyright Laws of the United States, Title 17, United States Code.  This Court has jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. 1338.

     2.   Venue properly lies in this Judicial District pursuant to 28 U.S.C. §1400(a) and 28 U.S.C. §1391(b).  Process properly issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

     3.   FYC is a New York limited liability company with a principal place of business at 1450 Broadway, New York, New York.

4. Victoria's Secret, upon information and belief, is a foreign corporation with offices and a place of business at 3425 Morse Crossing, Columbus, Ohio 43219.

5. Victoria's Secret, upon information and belief, is a manufacturer, distributor and retailer of, among other things, apparel, and has sold in the United States and within this district, dresses which infringe FYC's copyright as set forth hereinafter.

6. LP, upon information and belief, is a foreign corporation with offices and a place of business at 450 North Brand Boulevard, Glendale, California 91203.

7. LP, upon information and belief, is a manufacturer and distributor of, among other things, apparel, and has sold in the United States and within this district, dresses which infringe FYC's copyright as set forth hereinafter.

8. Defendants, upon information and belief, transact business within this district, derive substantial revenue from intrastate and interstate commerce and have committed tortious acts within this district and also without this district having injurious consequences within this district, and defendants are otherwise within the jurisdiction of this Court.

CLAIM I - COPYRIGHT INFRINGEMENT

9. In 2005, Owens & Kim created an original work of art identified as "VC2119". On or about February 22, 2005,, Owens & Kim sold and assigned all of its rights to design VC2119 to FYC, including its copyright therein. FYC renamed the design "RB1045/5". A photograph of textiles printed with the "RB1045/5" design is attached hereto as Exhibit "1".

10. The said work of art was wholly original and is copyrightable subject matter under the laws of the United States. FYC secured statutory copyrights in said original design.

11. FYC has duly complied in all respects with the provisions of the Copyright Law of the United States, and has secured the exclusive rights and privileges in and to the said design, and FYC thereupon duly requested and has received from the Register of Copyrights, Certificate of Registration VA 1-400-902. A copy of the Copyright Registration is annexed hereto as Exhibit "2".

12. All copies of said work of art have been published by only the FYC, and all copies of it have been printed, reproduced, and published in strict conformity with the provisions of the Copyright Law of the United States.

13. On or about October 3, 2005, FYC published RB1045/5.

14. At all relevant times since its publication, FYC has been, and is now, the sole proprietor of all rights, title, and interest in the copyright and the right to exploit the copyright of the exclusive design.

15. Pursuant to such sole and exclusive rights FYC commenced to manufacture apparel with textiles printed with its "RB1045/5" design and has promoted and offered for sale and sold such apparel to retailers throughout the United States.

16. Upon information and belief, at some time presently unknown after FYC first published its copyrighted design, Victoria's Secret and LP infringed FYC's copyright by causing to be manufactured, offering for sale, and selling, without FYC's consent apparel made with textiles printed with a work of art which is copied from and substantially similar to FYC's copyrighted work of art. A photograph of one such infringing garment is attached hereto as Exhibit "3".

17. Defendants' infringing design is clearly copied from FYC's design.

18.  The layout of defendants' design is virtually the same as that of the copyrighted design.

19.  FYC has no adequate remedy at law.

**WHEREFORE**, FYC demands judgment:

(a)  That defendants, their officers, agents, servants, employees, attorneys and all parties in active concert or participation with them be enjoined from infringing FYC's copyrighted design, including but not limited to, manufacturing, vending, printing, distributing, selling, displaying, promoting, or advertising fabric or garments or other products incorporating a design copied from the copyrighted design or by causing and/or participating in manufacturing, printing, vending, distributing, offering for sale, selling, displaying, promoting, or advertising by others pursuant to 17 U.S.C. §502.

(b)  That defendants be required to deliver up for destruction, all infringing copies of FYC's copyrighted design in their possession or under their control, whether in the form of fabric or apparel or other products incorporating the infringing design, to withdraw all advertising or promotional material bearing a copy of such copyrighted design, and print rollers, screens matrices, and the like utilized in the manufacture of infringing textiles pursuant to 17 U.S.C. § 503.

(c)  That defendants be required to pay FYC such damages as FYC has sustained as a consequence of their infringement of FYC's copyrighted design, and to account for all gains, profits, and advantages derived by them from their infringements, including profits on all sales of fabrics and goods embodying any copy of the copyrighted design, pursuant to 17 U.S.C. § 504.

(d)  That defendants be required to pay to FYC the costs of this action pursuant to 17 U.S.C. § 505.

   (e) That FYC have such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
   May 17, 2007

                Respectfully submitted,

                SILVERBERG STONEHILL
                GOLDSMITH & HABER, P.C.
                Attorneys for Plaintiff

            By:  s/Kenneth R. Schachter
                Kenneth R. Schachter (KRS/8833)

                111 West 40th Street
                New York, New York 10016
                (212) 730-1900