**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
FYC APPAREL GROUP, LLC,                    Civil Action No. 07 CV 3876 (WAP)

          Plaintiff,

v.

VICTORIA'S SECRET DIRECT and
LP APPAREL, INC.,

          Defendants.
---------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, VICTORIA'S SECRET DIRECT (hereinafter "defendant" or "Victoria's Secret"), by its attorneys, for its answer and affirmative defenses to the complaint of plaintiff, FYC APPAREL GROUP, LLC ("plaintiff" or "FYC"), alleges as follows:

1.    Defendant admits that plaintiff has commenced this civil action for copyright infringement and that the Court has subject matter jurisdiction over plaintiff's claim, except that defendant denies any liability to plaintiff for its claim.

2.    Defendant admits the averments contained in the first sentence of paragraph 2 of the complaint. The second sentence of paragraph 2 of the complaint does not aver any facts relative to plaintiff's claims, thus it is not susceptible to admission or denial by plaintiff.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the complaint.

4.    Defendant admits the averments contained in paragraph 4 of the complaint to the extent that Victoria's Secret Direct is a foreign corporation with

offices and a place of business at 342<u>7</u> (not 3425 as alleged in the complaint), Morse Crossing, Columbus, Ohio 43219.

5. Defendant admits the averments contained in paragraph 5 of the complaint, except denies that defendant is a "manufacturer" and that defendant "has sold in the United States and within this district, dresses which infringe FYC's copyrights as set forth hereinafter."

6. Upon information and belief, defendant admits the averments contained in paragraph 6 of the complaint.

7. Upon information and belief, defendant admits the averments contained in paragraph 7 of the complaint, except is without knowledge or information sufficient to form a belief as to the truth of the averments that LP "has sold in the United States and within this district, dresses which infringe FYC's copyrights as set forth hereinafter."

8. Defendant denies the averments contained in paragraph 8 of the complaint.

### CLAIM I – COPYRIGHT INFRINGEMENT

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9 of the complaint, except admits that Exhibit 1 to the complaint purports to be a photograph of a dress.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of the complaint.

11. Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averments contained in paragraph 11 of the complaint, except admits that Exhibit 2 to the complaint purports to be a copy of a copyright registration entitled "RB1045/4."

    12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of the complaint.

    13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of the complaint.

    14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of the complaint.

    15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 15 of the complaint.

    16.    Defendant denies the averments contained in paragraph 16 of the complaint.

    17.    Defendant denies the averments contained in paragraph 17 of the complaint.

    18.    Defendant denies the averments contained in paragraph 18 of the complaint.

    19.    Defendant denies the averments contained in paragraph 19 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

    20.    The complaint fails to state a claim upon which relief can be granted against defendant.

## SECOND AFFIRMATIVE DEFENSE

21. The subject of plaintiff's copyright, a dress, is a useful article and consequently unprotectable under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

22. Plaintiff's copyright registration is void *ab initio* as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

23. If there be any violation of any right of plaintiff, which defendant denies, it was committed by defendant, LP Apparel, Inc., and not Victoria's Secret.

24. Defendant, Victoria's Secret, is not directly liable to plaintiff for any violation of any right of plaintiff.

**WHEREFORE**, defendant prays:

A. That the complaint be dismissed in its entirety;

B. That judgment be awarded in favor of defendant and against plaintiff on each and every claim in the complaint;

C. That defendant be awarded its reasonable attorneys' fees and costs in connection with the defense of this civil action; and

D. That defendant have and recover such other relief and/or further relief as the Court may deem just and proper.

Dated:    New York, New York
             August 30, 2007

**COLUCCI & UMANS**

By: *Frank J Colucci* (signature)
Frank J. Colucci (FC-8441)
David M. Dahan (DD-5864)
218 East 50th Street
New York, New York 10022
Telephone: (212) 935-5700
Facsimile: (212) 935-5728
Email: email@colucci-umans.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of "Defendant's Answer and Affirmative Defenses," which has been electronically filed with the Court (ECF), has been forwarded via email and first-class mail to plaintiff's attorneys, Kenneth R. Schachter (krschachter@ssghlaw.com), Silverberg Stonehill Goldsmith & Haber, P.C., 111 West 40th Street, New York, NY 10016 and to defendant, LP Apparel Inc.'s attorneys, Mark Brutzkus (mbrutzkus@ebg-law.com), Ezra Brutzkus Gubner LLP, 21650 Oxnard Street, Suite 500, Woodland Hills, California 91367, on this 30th day of August 2007.